**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George F. Bobolas, a Greek individual, ) | No. CV-10-2056-PHX-DGC |
| )  Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| John Does 1-100, Internet website ) bloggers, ) | |
| ) | |
| )  Defendants. ) | |

Public Citizen, Inc. seeks to intervene permissively under Rule 24 and obtain access to documents that had previously been sealed by this Court. *See* Doc. 17, 18. Plaintiff opposes both motions. Doc. 19. The motions have been fully briefed (Docs. 17-20), and the parties do not request oral argument. For the reasons stated below, the Court will deny both motions.

**A.    Background.**

On September 24, 2010, Plaintiff George Bobolas, a citizen of Greece, filed an action in this Court against John Doe defendants who posted anonymous, allegedly defamatory statements about him on Bobolasgate.com ("the Blog"). Doc. 1. Plaintiff also filed a separate application for a Temporary Restraining Order ("TRO") against defendants and third-party GoDaddy.com, Inc., the alleged webhost for the Blog. Doc. 2. The Court granted Plaintiff's motion to seal two declarations in support of the TRO motion. Doc. 12. As part of the motion to seal, Plaintiff argued that the declarations include false and defamatory statements made about Plaintiff on the Blog – statements that caused and will cause serious

damage to Plaintiff's reputation, his trade, and his business relationships, as well as "incite further threats and outrage against Plaintiff and members of his family." Doc. 4. The Court was persuaded by Plaintiff's arguments and ordered the declarations sealed. Doc. 12. Following the Court's denial of the TRO, Plaintiff voluntarily dismissed the case. Doc. 15. The Court entered an order on October 13, 2010, dismissing all claims and terminating the case. Doc. 16.

On November 19, Public Citizen moved to intervene and unseal the declarations filed in support of the TRO. Docs. 17, 18. Public Citizen argues that it is entitled to permissive intervention under Rule 24(b)(1)(B) for purposes of challenging access to the sealed court documents. Docs. 17; Doc. 20 at 1:17-18.[1] Public Citizen relies on *Foltz v. State Farm Mut. Auto Ins. Co*, 331 F.3d 1122 (9th Cir. 2003), *San Jose Mercury News v. United States Dist. Court*, 187 F.3d 1096 (9th Cir. 1999), and *Beckman Indus. Inc. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992). Plaintiff responds that Public Citizen does not meet the criteria for intervention, and that even if intervention were granted Public Citizen has not shown that unsealing would be proper. Doc. 19.

**B.   Discussion.**

"A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." *Id.* A proposed intervenor must show (1) a commonality of law or fact between the intervenor's claim and the main action, and (2) that the motion is timely. *Beckman*, 966 F.2d at 473-74.[2]

---

[1] Although Public Citizen's motion appeared to broadly construe its right to intervene under Rule 24 and to access sealed records as of right "under Rule 26(c) . . . the First Amendment, and under the common law presumption that judicial records will be available for public scrutiny" (Doc. 17 at 2), its reply narrows the focus by seeking intervention solely under Rule 24(b)(1)(B) (*see* Doc. 20 at 2:6).

[2] Intervenors during litigation must also show an independent ground for jurisdiction. *Beckman*, 966 F.2d at 473-74. Where a third party intervenes solely to obtain access to court documents after the case closes, however, this requirement is automatically met because a court retains the inherent power to modify protective orders even after conclusion of the underlying action. *Id.* at 473.

- 2 -

In *Beckman*, intervenors were litigants in state court actions involving the scope of "environmental impairment liability" ("EIL") insurance policies issued by International Insurance Company ("International"). *Beckman*, 966 F.2d at 471. Discovery material in a separate federal action between Beckman Industries and International included six depositions of International employees who participated in developing and administering EIL policies to International clients. *Id.* In granting the motion to intervene, the court noted that "[t]he issue of interpretation of the [insurance policy] supplies a sufficiently strong nexus between the district court action and the state actions to satisfy the commonality requirements [of Rule 24(b)]." *Id.* at 474.

Public Citizen argues that the commonality element was eliminated by *San Jose Mercury News* and, therefore, that timeliness is the only relevant factor under *Beckman*. Doc. 20 at 2:15-24. The Court disagrees. *San Jose Mercury News* merely cited to *Beckman* and, in a parenthetical, framed *Beckman* as holding that "independent jurisdictional basis and strong nexus of fact or law are not required where intervenor merely seeks to challenge a protective order." *San Jose Mercury News*, 187 F.3d at 1100. Because *San Jose Mercury News* acknowledged that the defendants in that case did not challenge commonality (*id.*), its discussion of commonality is dicta. Moreover, in light of *Beckman*'s express statement that "[t]he issue of interpretation of the [insurance policy] supplies a *sufficiently strong nexus*," *Beckman*, 966 F.2d at 474 (emphasis added), *San Jose Mercury News* is more appropriately interpreted as recognizing that the commonality nexus need not be "strong" – only "sufficiently strong." *See San Jose Mercury News*, 187 F.3d at 1100 (a "*strong* nexus of fact or law [is] not required" (emphasis added)).

Public Citizen has failed to show that it has met the commonality requirement. Public Citizen states only that it "wants to see the documents for the purpose of continuing to report on this case," and cites one article that Public Citizen previously published on its blog about this case. Doc. 17 at 1-2. Because Public Citizen has failed to satisfy the Rule 24(b)(1)(B) requirement that its claims or defenses share a common question of law or fact with this action, the Court will deny the motion to intervene.

Public Citizen does not argue that it has independent standing to request unsealing of judicial documents if denied intervention. *See* Docs. 17, 20. Because Public Citizen's motion to intervene is denied, the Court will deny the motion to unseal as moot.

**IT IS ORDERED:**

1. The motion to intervene (Doc. 17) is **denied**.

2. The motion to unseal (Doc. 18) is **denied as moot**.

DATED this 28th day of January, 2011.

*David G. Campbell*
David G. Campbell
United States District Judge