**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George F. Bobolas, a Greek individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>John Does 1-100, Internet website bloggers,<br><br>　　　　　Defendants. | No. CV-10-2056-PHX-DGC<br><br>**ORDER** |

Public Citizen, Inc. moves for reconsideration of this Court's denial of intervention. Doc. 22. A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *Id.*; *see Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Public Citizen's key argument in intervention was that *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992), eliminated two of the three requirements that Rule 24(b)(1) imposes for permissive intervention, leaving timeliness as the sole inquiry where intervention is sought to unseal court documents. Doc. 20 at 2. The Court rejected this argument, holding that *Beckman* did not eliminate the "commonality nexus" requirement.

Doc. 21 at 3. The motion for reconsideration does not identify new facts or a change in law. Instead, Public Citizen argues that "[m]edia intervenors never have any claims or defenses in common with any of the existing parties, but their right to intervene is routinely acknowledged." Doc. 22 at 1:25-26. Although Public Citizen does not argue that it is a media intervenor, it nonetheless asserts that it "has the same right as mainstream media companies to intervene for the purpose of unsealing."[1] *Id.* at 2:12-14. Public Citizen did not make this argument in its motion to intervene or in its reply, however. *See* Docs. 17, 20. Despite the "media vs. non-media" distinction appearing nowhere in Public Citizen's earlier briefs (*see* Docs. 17, 20), movant now seeks to re-argue its position on this basis. A motion for reconsideration is not the proper vehicle to make new arguments. The motion will, therefore, be denied.

**IT IS ORDERED** that the motion for reconsideration (Doc. 22) is **denied**.

DATED this 3rd day of March, 2011.

_____
David G. Campbell
United States District Judge

---

[1] Public Citizen cites for support to *Public Citizen v. Liggett Group*, 858 F.2d 775 (1st Cir. 1988). *Liggett Group* is inapposite, however, because the relevant issue on appeal was "timeliness" – an issue that this Court did not need to address in this case (Doc. 21).

- 2 -